# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CITY OF JACKSONVILLE,

        Plaintiff,

v.                                                              Case No.:

LOFTS AT LAVILLA 2, LTD;
LOFTS AT LAVILLA 2 GP, LLC;
WRH REALTY SERVICES, INC.; and
LEASA JOHNS, PROPERTY MANAGER,

        Defendants.

_____/

## COMPLAINT

Plaintiff, the City of Jacksonville, sues Defendants and alleges:

## INTRODUCTION

1. This is a civil action for declaratory relief and monetary damages under the Fair Housing Act, as amended 42 U.S.C. §§ 3601 *et seq.*, and Title XI, Chapter 408 – Fair Housing of the Jacksonville Municipal Code, Section 408.401, *et seq.* ("Chapter 408") brought by the City of Jacksonville on behalf of Shawn Jasmin ("Complainant"), and pursuant to 42 U.S.C. § 3610 and § 3612 to redress discrimination on the basis of disability.

2. Defendants wrongfully denied Mr. Jasmin a reasonable accommodation based on his disability when they refused or delayed his request for an assigned parking space close to his unit to accommodate his inability to walk long distances as a result of his disability.

3. As alleged more fully below, defendants Lofts at Lavilla 2, Ltd. (The Lofts), Lofts at Lavilla 2 GP, LLC, WRH Realty Services, Inc., and Leasa Johns, Property Manager (collectively "Defendants"), unlawfully discriminated against Mr. Jasmin based on his disability.

4. Defendants' conduct violates the Fair Housing Act, 42, U.S.C. §§ *et seq.* (the "Act") and Chapter 408 and should be declared unlawful and appropriate monetary damages should be awarded.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3612(o).

6. This Court has supplemental jurisdiction over Chapter 408 pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, 42 U.S.C. § 3612(o), 42 U.S.C. § 3610(f), and because The Lofts is situated in this district and the events giving rise to the Complaint occurred in this district.

## PARTIES

8. Plaintiff is the CITY of JACKSONVILLE, and is a body politic, acting on behalf of the Secretary of HUD pursuant to 28 U.S.C. § 3610(f) and the Jacksonville Human Rights Commission pursuant to Sec. 408.514, Jacksonville Municipal Code.

9. Defendant LOFTS AT LAVILLA 2, LTD, is a for profit Florida limited partnership and is responsible for ensuring Defendants' compliance with federal, state, and local laws at The Lofts at Jefferson Station, including its common and limited common areas, the main office of which is located at 799 Water Street, Jacksonville, Duval County, Florida (the "Property").

10. The Defendant, LOFTS AT LAVILLA 2 GP, LLC, is a for profit limited liability company, and is the general partner of LOFTS AT LAVILLA 2, LTD.

11. WRH REALTY SERVICES, INC., is a Florida profit corporation which manages the subject property, The Lofts at Jefferson Station.

12. At all times material to this Complaint, Defendant, LEASA JOHNS ("Johns"), was employed by Defendant WRH Realty and was responsible for managing the Property.

13. Complainant Shawn Jasmin ("Jasmin") was the lessee of an apartment at The Lofts at Jefferson at all times material to this complaint and was first subject to a lease dated May 8, 2020, for Unit 507, and was subsequently subject to a lease dated January 26, 2022, for Unit 514, by and between The Lofts and Mr. Jasmin.

14. Mr. Jasmin's apartment(s) during the time period relevant to this complaint constituted a "dwelling" within the meaning of the Act, 42 U.S.C. § 3602(b).

15. Mr. Jasmin is an "aggrieved person" as that term is defined in the Act, 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct.

**FACTS**

16. Complainant, Mr. Jasmin, entered into a lease at The Lofts in May, 2020.

17. In July, 2020, Mr. Jasmin requested a reasonable accommodation from The Lofts for his disability. He requested that he be provided an assigned parking space near his unit since he is unable to walk long distances because of his disability.

18. Mr. Jasmin provided The Lofts with a copy of his state-issued disabled parking permit and submitted an accommodation request form.

19. The Lofts' property manager, Jennifer Williams, approved the accommodation and assigned Mr. Jasmin parking space #54.

20. In April, 2021, Mr. Jasmin moved from unit 507 to unit 514 within The Lofts. The Lofts allowed Mr. Jasmin to keep parking space #54 when he changed units.

21. On October 4, 2021, a property manager for The Lofts, Leasa Johns, informed Mr. Jasmin that he should have never been approved for a reserved parking space.

22. On April 5, 2022, Mr. Jasmin submitted another written reasonable accommodation request to The Lofts asking for an assigned parking space due to his disability.

23. On April 14, 2022, The Lofts denied this request for a reasonable accommodation.

24. On May 26, 2022, Mr. Jasmin filed a complaint with the Jacksonville Human Rights Commission for The Lofts' denial of and/or delay responding to his request for an assigned parking space.

25. On August 3, 2022, The Lofts informed Mr. Jasmin that his reasonable accommodation request was approved.

26. Mr. Jasmin has been damaged as a result of The Lofts' denial of his reasonable accommodation request.

27. Mr. Jasmin was entitled to receive a reasonable accommodation from The Lofts from May, 2020 until he moved out of The Lofts in December, 2022.

## COUNT ONE
## 42 U.S.C. § 3604(f)(3)(B)
### Violation of the Fair Housing Act - Failure to Accommodate

28. Plaintiff realleges and incorporates in this count the allegations of Paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. Mr. Jasmin is a person with a handicap as defined by 42 U.S.C. § 3604(f)(1).

30. Defendants knew, or reasonably should have known, that Mr. Jasmin is a person with a handicap.

31. The Lofts is a multifamily dwelling covered by the Fair Housing Act Accessibility Guidelines.

32. Mr. Jasmin requested a reasonable accommodation in the rules, policies, procedures, or services of The Lofts by requesting a reserved parking space near his unit.

33. A reserved parking space was necessary for Mr. Jasmin to have the equal use and enjoyment of occupying a home to the same extent as non-disabled individuals.

34. As a result of Defendants' refusal to make the requested accommodation, Mr. Jasmin was unable to use and enjoy his dwelling to the same extent as non-disabled individuals.

35. Defendants refused to provide the accommodation by withdrawing the accommodation in October, 2021 and denying Mr. Jasmin's new request for an accommodation in April, 2022.

36. Defendants' refusal to provide the requested reserved parking space made housing unavailable to Mr. Jasmin.

37. Defendants' failure to provide a reserved parking space to Mr. Jasmin to accommodate his disability was discriminatory and unlawful.

38. Because The Lofts is open to or has to be accessed not only by residents and tenants of The Lofts, but also by potential tenants and residents of the Lofts and other members of the public, and in order to effect compliance with federal, state, and local laws, the relief sought herein is in the public interest.

**WHEREFORE**, Plaintiff requests that the Court order the following relief:

a. A declaration that the FHA has been violated and granting appropriate relief;

b. An order requiring Defendants to take affirmative action to comply with the FHA and make accommodations to The Lofts' rules, policies, practices, and procedures to be compliant with the FHA;

c. Compensatory damages on behalf of Mr. Jasmin;

d. Civil penalties and fines;

e. Reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

f. Such other and further relief as this Court deems just and proper.

## COUNT TWO
## Jacksonville Ordinance 408.405(c)(2)
## Violation of the Jacksonville Municipal Code on Fair Housing - Failure to Accommodate

39. Plaintiff realleges and incorporates in this count the allegations of Paragraphs 1 through 27, inclusive, as if fully set forth herein.

40. Mr. Jasmin is a person with a handicap as defined by Section 408.405(c).

41. Defendants knew, or reasonably should have known, that Mr. Jasmin is a person with a handicap.

42. The Lofts is a multifamily dwelling covered by Chapter 408.

43. Mr. Jasmin requested a reasonable accommodation in the rules, policies, procedures, or services of The Lofts by requesting a reserved parking space near his unit.

44. A reserved parking space was necessary for Mr. Jasmin to have the equal use and enjoyment of occupying his home to the same extent as non-disabled individuals.

45. As a result of Defendants' refusal to make the requested accommodation, Mr. Jasmin was unable to use and enjoy his dwelling to the same extent as non-disabled individuals.

46. Defendants refused to provide the accommodation by withdrawing the accommodation in October, 2021 and denying Mr. Jasmin's new request for an accommodation in April, 2022.

47. Defendants' refusal to provide the requested reserved parking space made housing unavailable to Mr. Jasmin.

48. Defendants' failure to provide a reserved parking space to Mr. Jasmin to accommodate his disability was discriminatory and unlawful.

49. Because The Lofts is open to or has to be accessed not only by tenants and residents, but also by potential tenants and residents and other members of the public, and in order to effect compliance with federal, state, and local laws, the relief sought herein is in the public interest.

**WHEREFORE**, Plaintiff requests that the Court order the following relief:

a. A declaration that the FHA has been violated and granting appropriate relief;

b. An order requiring Defendants to take affirmative action to comply with the FHA and make accommodations to The Lofts' rules, policies, practices, and procedures to be compliant with the FHA;

c. Compensatory damages on behalf of Mr. Jasmin;

d. Civil penalties and fines;

e. Reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

f. Such other and further relief as this Court deems just and proper.

50. Plaintiff requests a trial by jury on all issues so triable.

OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE

*/s/ Laura Boeckman*
**Laura Boeckman – Lead Counsel**
Assistant General Counsel
Fla. Bar No. 527750
117 West Duval Street, Suite 480
Jacksonville, Florida 32202

Phone (904) 255-5054
Facsimile: (904) 255-5120
LBoeckman@coj.net; bosburn@coj.net
**Kelly Papa**
Assistant General Counsel
Fla. Bar No. 178004
papak@duvalschools.org; lcenac@coj.net
Phone (904) 255-5066
*Counsel for Plaintiff*